## Bowmann's Appeal

*Morgan H. Sohn*, of *Eckert & Sohn*, for appellant.

*William N. Dinsmore*, Special Deputy Attorney General, contra.

WILSON, J., August 19, 1941.—By order of June 7, 1941, the Secretary of Revenue suspended the operator's license of Harry Bowmann for a period of three months, from which order the appeal before us was taken, and which was heard on August 6, 1941. From the evidence presented we find as follows:

1. That appellant resides in Center Township, is an automobile mechanic, is now employed in the City of Beaver Falls, and at the time of the matters complained of by the Secretary of Revenue was working for the Ohio Valley Motor Company, of Aliquippa, the active head of which was Paul Moore.

2. That appellant is married, his wife for several years being afflicted with heart trouble which at times seems to require immediate medical attention.

3. That on May 14, 1940, appellant's wife telephoned him that she should be taken to her doctor at once; that,

as his automobile was being repaired, he requested of Paul Moore the use of a car, and permission was given him to use a certain Chrysler sedan; that he put the license plates of his car on the Chrysler of Mr. Moore, got his wife in Center Township, and proceeded on the way to Doctor Shields in the Borough of Beaver, without noticing that the Chrysler did not bear the proper inspection certificate; that in the Borough of Rochester he was intercepted by a member of the Pennsylvania Motor Patrol; and that his wife was transferred to the service car of a nearby auto dealer and taken on to the doctor.

4. That said motor patrolman made three informations before a justice of the peace, two against appellant, one as to the license plates and the other as to the inspection, on each of which he paid the costs and a fine of $10; the third information was against Paul Moore for permitting operation of his Chrysler automobile without proper plates, on which he, Paul Moore, paid the costs and a fine of $25.

5. That on May 9, 1940, one Joe Leasha drove his automobile out of Spring Street in the face of oncoming eastward traffic on Franklin Avenue, in the Borough of Aliquippa, forcing Frank N. Logan to bring his truck to a sudden stop, and causing appellant to collide with its rear, thereby inflicting a damage of $6.50 to said truck. There was no prosecution for reckless driving and appellant's insurance company was notified to adjust the damage.

6. That by registered letter dated February 24, 1941, the Secretary of Revenue notified appellant to appear for a hearing, which he attended on March 10, 1941, and which was followed by an order of suspension for three months from June 5, 1941; the reasons assigned being reckless driving, no registration, and no inspection.

There was no evidence before us to support a charge of reckless driving. The lapse of nearly 13 months

between occurrence and suspension indicates that the suspension was not for the safety of the highways, but as punishment, a punishment in addition to that prescribed by the legislature, and with which appellant had complied more than a year before. A careful reading of the decisions covering suspension of operators' licenses discloses that such suspensions have always been considered with respect to reckless driving, and the protection of those using the highways. Suspensions for other violations of the motor vehicle laws should be subject to the most critical examination by the courts, and where suspension appears to be but a pyramiding of penalties, and discloses no danger to the public or fraud upon the revenue, appeals from orders of the Secretary of Revenue suspending operators' licenses should be sustained. When the facts disclose such suspension, the legislature having fixed a definite penalty, it could be well argued that further penalty by decree of the Secretary of Revenue is unconstitutional and ultra vires. There is a limit to police power, particularly where exercised by bureaucratic fiat, and not by definite legislative enactment. Cases such as we are considering are not within the police power, and when the legislature fixed a penalty it is quite doubtful that the Secretary of Revenue can add additional penalties. We cannot and must not overlook the place of the motor vehicle in modern life. Many of our citizens earn their living by the mere operation of trucks, buses, taxicabs, and any and all types of motor driven conveyances; others traverse our highways for a multitude of business purposes, from selling merchandise to purchasing the most trivial household necessity; and nearly all have selected their homes and ordered their life's work on the motor vehicle. To revoke or suspend an operator's license is a penalty so severe and far-reaching in its consequences, that fine and imprisonment fade into insignificance. To add this penalty, unless mandatory by clear law, to penalties fixed by act of assembly, does

not meet our unquestioning approval. In our recent case of Commonwealth v. Davidson, at no. 34, September term, 1941, we filed an opinion holding that, upon appeal to the court of common pleas, the hearing was de novo, and that it was within the sound discretion of the court, upon the facts, to determine whether or not an operator's license should be suspended, and that regardless of a technical violation of the vehicle laws. In the instant case we are of the same opinion. Appellant was not guilty of reckless driving. As to the license plates and inspection, the offenses were committed under circumstances of grave necessity, which should have exonerated defendant even before the justice of the peace. After payment of costs and fines by both appellant and Paul Moore, the Commonwealth had its pound of flesh, and there was no warrant, under the facts, for the Secretary of Revenue to proceed further. The fault is not with the Pennsylvania Motor Patrol; they must act and then report. Nor is the fault with the Deputy Attorneys General, who know nothing of the facts until hearings on appeals; they are assigned to work which the representatives of the Secretary of Revenue should do in their hearings, in which all facts should be found, and in which a sound discretion should be used. A licensee should be given a real and full hearing. And I may add, that in my experience I have found the average citizen of Pennsylvania as worthy of belief as many of those who essay to rule over him.

### Order

And now, August 19, 1941, upon consideration of the testimony presented at the hearing, and for the reasons given in the foregoing opinion, it is ordered and adjudged that the appeal of Harry Bowmann be and the same is hereby sustained, and the suspension of his operator's license for the period of three months by the Secretary of Revenue be and the same is hereby set aside. Costs to be paid by the Secretary of Revenue.